AMERICAN SCREW COMPANY *vs.* FRANK P. SHELDON.

An award which is made under a material mistake of facts should be set aside.

But the mistake of fact must be a wrong assumption made by the arbitrators, not a wrong conclusion drawn by them.

A bill in equity to set aside an award, charged that the referees assumed as true what was in reality untrue, and on this assumption made their award. The bill was demurred to. *Held,* that the demurrer could not be sustained.

BILL IN EQUITY to set aside an award. The respondent demurred to the bill.

*March* 8, 1879.    MATTESON, J.    This is a bill to set aside an award.

The complainant and respondent entered into an agreement in writing, dated January 1, 1874, whereby the respondent sold and assigned to the complainant all inventions and improvements which he had then made, or might make within a year, in machinery for making screws, bolts, and similar articles; and whereby the complainant agreed, among other things, to apply for, and, if possible, to procure letters patent of the United States for such inventions and improvements, and to pay to the respondent such sum as might be found to be their value, by the award in writing of either two of three disinterested and competent referees, chosen as provided in the agreement. In accordance with this agreement the complainant applied for and obtained letters patent of the United States for an improvement in machines for threading screws, dated November 30, 1875, and numbered 170,496. On the 20th June, 1876, referees were appointed in the manner provided, who accepted their appointment, met and heard the parties upon the question submitted, and on or about the 21st of August, 1876, made their award in writing of that date, by which they awarded nineteen thousand dollars as the value of the patent, to be paid to the respondent by the complainant in pursuance of the agreement.

The bill alleges, in substance, that the referees, in deciding upon the value of the patent, erroneously assumed as a matter of fact, that the eighth claim of the letters patent was capable of covering every practical means in automatic screw threading machinery, of enabling the finished screw to be discharged from the holding jaws, and that the ownership of the letters

patent would practically give the complainant the control of all fine thread automatic screw machinery, because no practical machine could be constructed which would not infringe upon the eighth claim of the letters patent, the subject of the award. The bill charges the contrary to be the fact, and further alleges, that the decision of the referees was chiefly based upon the mistake of fact recited. To these allegations the respondent demurs. The question thus presented is, whether, if the referees *assumed* as a fact that which was not a fact, and based their award upon it, the award is invalid. Matters of fact are peculiarly within the authority of referees. Their judgment upon questions of fact is not subject to review or examination, but is final. This is the general rule, and though there may be cases in which it has not been observed, the rule itself is too well established to admit of question. In a large proportion of the cases, which might at first sight seem to be in conflict with it, a closer scrutiny will show that the conflict is apparent rather than real. They are cases in which the judgment of the referees upon the matters in issue has not been fairly exercised, because of their corruption, partiality, or misconduct, or the fraud, or imposition, of the party in whose favor the award is made, or because the referees have proceeded on some erroneous supposition of fact. In such cases the award may be set aside, because it is not the real judgment of the referees. But in order to invalidate the award of referees upon the ground that they have proceeded upon a mistake of fact, the mistake must be of a fact erroneously assumed, and not a conclusion to which they have arrived by the exercise of their judgment. In *Boston Water Power Company* v. *Gray*, 6 Met. 131, 169, Chief Justice Shaw very clearly states the distinction. " Under this class of cases where the award may be set aside . . . . another was stated at the trial ; that is, where the arbitrators make a mistake in matter of fact, by which they are led to a false result. This would not extend to a case where the arbitrators come to a conclusion of fact erroneously, upon evidence submitted to and considered by them, although the party impeaching the award should propose to demonstrate that the inference was wrong. This would be the result of reasoning upon facts and circumstances known and understood ; therefore, a result which, upon the principles stated, must be deemed conclu-

sive. But the mistake must be of some fact, inadvertently assumed and believed, which can now be shown not to have been as so assumed." If, then, the alleged mistake of the referees was a conclusion of fact, adopted by them in the course of their deliberations as the result of their judgment on the evidence submitted with reference to the previous state of the art, or as to the proper construction of the eighth claim of the letters patent, it was not such a mistake as would invalidate their award ; but if, on the other hand, it was a fact erroneously assumed, taken for granted, upon which their judgment did not pass, their award based upon it is invalid and should be set aside. The allegation of the bill is that the alleged mistake was a fact so assumed. The demurrer must, therefore, be overruled.

*Demurrer overruled.*

*James M. Ripley*, for complainant.

*Causten Browne, John C. Pegram, & Alexander P. Browne*, for respondent.